MERANZE AND KATZ, P.C.
BY:   Michael N. Katz, Esquire      (ID# 27857)
      Claiborne S. Newlin, Esquire (ID# 84371)
Lewis Tower Building, 12th Floor
225 S. 15th Street
Philadelphia, PA 19102
Tel.: (215) 546-4183
Fax: (215) 790-1382

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE et al. | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 02CV-4079 |
| v. | : | |
| MASTRO MASONRY CONTRACTORS et al. | : | |
| Defendants | : | |

**SUMMARY CONTENTIONS OF FACT AND THEORIES OF LIABILITY**

Plaintiffs, Bricklayers and Allied Craftworkers Local 1 of PA/DE (Local 1), Bricklayers and Allied Craftworkers Local 1 of PA/DE Health and Welfare Fund, Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprenticeship and Training Fund, Tile Layers Local 6 Annuity Fund, TMT Tile Finishers Local 32 Annuity Fund, Tile Layers Local 6 Vacation Fund and TMT Tile Finishers Local 32 Vacation Fund file Plaintiff's Summary Contentions of Fact and Theories Of Liability in accordance with the Court's Non-Jury Trial Attachment Order of September 30, 2003 as amended in the Court's Order of October 8, 2003.

CONTENTIONS OF FACT

Plaintiffs contend that Defendants Mastro Masonry Contractors (Mastro) and Joseph Russo owe unpaid contributions, deducted dues, interest, liquidated damages, attorney's fees and costs for the period August 2001 through March 2003. Plaintiffs base their claims on the signed Collective Bargaining Agreement (CBA) between Local 1 and Mastro, requiring the employer to make monthly contributions to the Local 1 affiliated benefit funds and deduct dues for each hour worked by Mastro employees covered by the CBA. Mastro not only signed the CBA but also

made partial contributions and deductions during the period August 2001 through January 2003. Joseph Russo, who was the owner, President and CEO of Mastro during the period at issue, signed the assent to the CBA on behalf of Mastro, and exercised authority and control over Mastro's finances and operations during the period.

Plaintiffs base their calculations of the amount owed on two sources. Plaintiffs claim interest and liquidated damages for paid contributions during August 2001 through January 2003 on the basis of Mastro's filed contribution reports. Plaintiffs' claim for unpaid benefits, deducted dues, interest and liquidated damages for the period December 2001 through March 2003 is based on certified payroll reports filed by Mastro with Ernest Bock and Sons. The interest rate and the rate for liquidated damages are taken from the collection policy established by the fund trustees under the Agreement and Declaration of Trust incorporated by reference in the CBA. The collection policy also entitles Plaintiffs to reimbursement for attorney's fees and costs.

## THEORIES OF LIABILITY

Plaintiffs are entitled to prevail on the basis of ERISA and the Labor Management Relations Act (LMRA). Under ERISA, Plaintiffs should receive judgment against Mastro for all unpaid contributions, interest, liquidated damages, attorney's fees and costs in accordance with Section 502(g). 29 U.S.C. § 1132(g). Under Section 301 of the LMRA, 29 U.S.C. § 185, Plaintiffs can enforce the CBA, which obligates Mastro to turn over deducted dues on a monthly basis and to comply with the terms of the Agreement and Declaration of Trust of the funds. The Agreement gives Plaintiffs the right to collect interest, liquidated damages, attorney's fees and costs on the benefits Mastro paid past due.

There are two additional legal issues of note. First is the question of whether Plaintiffs can collect for six employees of Mastro that are union members but are not listed on the certified payroll as having performed masonry work. According to the CBA, Plaintiffs are entitled to receive contributions for all employees on the job covered by the agreement whether or not they are union members. Plaintiffs' members would not be hired as Mastro's employees on this job if they were not performing masonry work. Mastro has the burden of proving which employees are

2

ineligible for benefits. Since Mastro refuses to take part in this action, Plaintiff is entitled to contributions for all Mastro employees whom it has reason to believe were covered by the CBA. The second issue concerns the personal liability of Joseph Russo for the Mastro delinquency. Plaintiffs argue that since the trust agreement defines contributions that are unpaid but due as assets and Russo had authority and control over the unpaid contributions, Russo is personally liable under ERISA as a fiduciary. With regard to the dues money, Plaintiffs assert that Russo is liable to Local 1 on the basis of having used Local 1 dues deductions to pay corporate creditors.

                                                                  Respectfully submitted,

                                                                  MERANZE AND KATZ, P.C.

October 14, 2003                                       BY:   MICHAEL N. KATZ
                                                                   CLAIBORNE S. NEWLIN