**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE et al. | : : : | CIVIL ACTION NO. 02CV-4079 |
| Plaintiffs, | : | |
| v. | : : | |
| MASTRO MASONRY CONTRACTORS et al. | : : | |
| Defendants | : : | |

**ORDER**

Upon Motion made and good cause having been shown, it is ORDERED that judgment is entered in favor of the Plaintiffs and against Defendants, Mastro Masonry Contractors and Joseph Russo, jointly and severally, in the amount of one hundred sixty four thousand eight hundred five dollars and two cents ($164,805.02) plus interest at the legal rate.

It is further ORDERED AND DECREED that Mastro Masonry Contractors and Joseph Russo shall continue to remit contractually mandated benefit fund contributions and reports, all previously unremitted contributions and reports, and immediately permit an authorized representative of Plaintiffs access to its company books and payroll records for purposes of determining what additional sums are due and owing Plaintiffs as unpaid benefit fund contributions, interest, liquidated damages and costs.

It is further ORDERED that upon application by the Plaintiffs, the Court shall enter an Order for such additional relief as determined by the aforesaid books and payroll records audit.

BY THE COURT,

_____
JAMES KNOLL GARDNER, U.S.D.J.

DATED: _____

MERANZE AND KATZ, P.C.
BY:    Michael N. Katz, Esquire      (ID# 27857)
          Claiborne S. Newlin, Esquire (ID# 84371)
Lewis Tower Building, 12th Floor
225 S. 15th Street
Philadelphia, PA 19102
Tel.: (215) 546-4183
Fax: (215) 790-1382

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE et al. | : : : | CIVIL ACTION NO. 02CV-4079 |
| Plaintiffs, | : | |
| v. | : : | |
| MASTRO MASONRY CONTRACTORS et al. | : : | |
| Defendants | : : | |

## AMENDED MOTION FOR DEFAULT JUDGMENT

Plaintiffs file this Amended Motion For Default under Rule 55(b) of the Federal Rules of Civil Procedure to update the prior default motion filed September 4, 2002 by calculating interest and attorney's fees through October 15, 2003 and to add a claim for union dues deducted by Defendants but not turned over to the Plaintiff union. Plaintiffs move this Honorable Court to enter default judgment against Mastro Masonry Contractors and Joseph Russo, jointly and severally, and award the following relief:

A.      Judgment in the amount of one hundred sixty four thousand eight hundred five dollars and two cents ($164,805.02) for the months August 2001 through March 2002 consisting of:

(i)      One hundred nine thousand three hundred twenty one dollars and thirty two cents ($109,321.32) in estimated unpaid contributions collectible under Section 502(g)(2)(A) of ERISA;

(ii)     Twenty one thousand seven hundred five dollars and fifty four cents ($21,705.54) representing interest of 1% per month on estimated unpaid contributions collectible under Section 502(g)(2)(B) of ERISA;

(iii)    Ten thousand nine hundred thirty two dollars and thirteen cents ($10,932.13) representing liquidated damages on estimated unpaid contributions receivable under Section 502 (g)(2)(C);

(iv)    One thousand three hundred forty seven dollars and fifty three cents ($1,347.53) representing interest of 1% per month on late contributions collectible under Section 301 of the NLRA;

(v)     One thousand six hundred seventy seven dollars and thirty two cents ($1,677.32) representing liquidated damages on estimated unpaid contributions receivable under Section 301 of the NLRA;

(vi)    Twelve thousand five hundred thirty four dollars and fifty one cents ($12,534.51) in unpaid dues deducted collectible under Section 301 of the NLRA;

(vii)   Four thousand five hundred eighty six dollars and sixty seven cents ($2,486.67) in interest on unpaid dues deducted collectible under Section 301 of the NLRA; and

(viii)  Two thousand seven hundred seventy five dollars ($4,575.00) in attorney's fees plus seventy-five dollars ($75.00) for service of the summons plus one hundred fifty ($150.00) dollars in filing costs pursuant to Section 502(g)(2)(D) of ERISA; and

B.      Entry of an order compelling defendants to permit an authorized representative of Plaintiffs access to the Defendants' books and payroll records for purposes of determining amounts due for April and May 2002 plus interest and liquidated damages and if any additional unpaid benefit fund contributions, plus interest, liquidated damages and costs, are due and owing to the Plaintiffs under Section 502(g)(2)(E) of ERISA.

In support, Plaintiffs rely on the attached Certification of Counsel.

2

MERANZE AND KATZ P.C.

_____
CLAIBORNE S. NEWLIN
Attorney for Plaintiffs

Dated: October 16, 2003

MERANZE AND KATZ, P.C.
BY:   Michael N. Katz, Esquire      (ID# 27857)
      Claiborne S. Newlin, Esquire (ID# 84371)
Lewis Tower Building, 12th Floor
225 S. 15th Street
Philadelphia, PA 19102
Tel.: (215) 546-4183
Fax: (215) 790-1382

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE et al. | : | CIVIL ACTION |
| | : | |
| | : | NO. 02CV-4079 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MASTRO MASONRY CONTRACTORS et al. | : | |
| | : | |
| | : | |
| Defendants | : | |

**AMENDED CERTIFICATION OF COUNSEL**

1.      Plaintiffs filed a complaint in this matter on June 26, 2002 to recover estimated unpaid employee benefit fund contributions, interest and liquidated damages from the defendants and to compel an audit of defendants' payroll records to determine the actual amount of the contribution delinquencies to the plaintiff Funds.

2.      Defendants Mastro Masonry Contractors and Joseph Russo were served with a Summons and Complaint on July 29, 2002.

3.      More than twenty (20) days have elapsed since the date on which Defendants were served with the summons and complaint.

4.      Defendants have failed to respond to the complaint within the time prescribed by Rule 12(a) of the Federal Rules of Civil Procedure.

5.      Defendants repeatedly failed to make timely payments to the Bricklayers and Allied Craftworkers Local 1 of PA/DE Fringe Benefit Funds for the months of August 2001 through January 2002 and have failed to and refused to remit employer contributions for the period December 2001 through March 2002. Copies of defendants' signed and submitted

1

contribution reports and certified payroll reports, which formed the basis for Plaintiffs' calculations of principal contributions, interest and liquidated damages due were attached to Plaintiffs' original Certification of Counsel as Exhibit "A".

6.     Plaintiffs have calculated the estimated delinquent contributions based on all employees reported to have performed work for which benefits must be paid plus those known to be members of Bricklayers and Allied Craftworkers Local 1 of PA/DE who are listed on the certified payroll. A spreadsheet showing the calculations, with interest calculated as of October 15, 2003 is attached as Exhibit "A."

7.     Estimated delinquent contributions for the period December 2001 through March 2002 amount to $109,321.32

8.     Interest on estimated delinquent contributions for the period December 2001 through March 2002, calculated at a rate of twelve percent (12%) annually, as of October 15, 2003 amounts to $21,705.54

9.     Liquidated damages in the amount of ten (10) percent on delinquent contributions amount to $10,932.13.

8.     Interest on late contributions for the period August 2001 through January 2002 calculated at a rate of twelve percent (12%) annually, amounts to $1,347.53. A spreadsheet showing the calculations of interest and liquidated damages on late contributions is attached as Exhibit "B."

9.     Liquidated damages on late contributions for the period August 2001 through January 2002 calculated at the rate ten (10) percent amount to $1,677.32.

10.     Defendants Mastro Masory Contractors and Joseph Russo made dues deductions from the paychecks of their employees under the parties' collective bargaining agreement. The agreement called for the deducted amounts to be turned over to Plaintiff union monthly.

11.     Defendants did not turn over the deducted dues amounts.

12.     Based on certified payroll reports, Mastro deducted $12,534.51 in dues from covered employees during the period December 2001 through March 2002. A spreadsheet

showing the calculations, with interest calculated as of October 15, 2003, is attached as Exhibit "C."

13.    Interest on the deducted dues, calculated at a rate of twelve percent (12% annually, amounts to $2,486.67.

14.    Because Mastro Masonry Contractors and Joseph Russo have continually refused to file timely contribution reports, Plaintiffs believe that Mastro Masonry Contractors, and Joseph Russo may in fact owe additional contributions to plaintiff Funds beyond those delineated above. Accordingly, Plaintiffs request the opportunity to conduct an audit of Mastro Masonry Contractors and Joseph Russo's books to determine both the amounts due for April 2002 and May 2002 and also to determine whether any additional contribution delinquencies exist for the period August 2001 through March 2002.

15.    Counsel for Plaintiff, Claiborne S. Newlin, has spent a total of 30.5 hours in connection with this matter, including telephone conversations, legal research, and the drafting of the Complaint and instant pleadings. A detailed listing of all time expended in this matter, with the exception of the 3.0 hours spent drafting the original default motion and 15.0 hours in preparing documents and materials for the Court hearing scheduled October 20, 2003, was attached to Plaintiffs original default motion as Exhibit "C".

16.    The usual and customary fee for such services rendered is $150.00 per hour and accordingly, the attorney's fees for Claiborne S. Newlin are $4,575.00.

17.    Plaintiffs have expended a total of two hundred ($225) dollars for the filing and service of the complaint, as evidenced by the invoices and receipts attached to Plaintiff's original default motion as Exhibit "D".

18.    Accordingly, plaintiffs request that this Honorable Court grant judgment against Mastro Masonry Contractors and Joseph Russo, jointly and severally, and in favor of the plaintiffs in the amount of $164,805.02.

Respectfully submitted,

MERANZE AND KATZ P.C.


CLAIBORNE S. NEWLIN
Attorney for Plaintiffs

Dated: October 16, 2003