IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE; BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH AND WELFARE FUND; BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICESHIP AND TRAINING FUND; TILE LAYERS LOCAL 6 ANNUITY FUND; TMT TILE FINISHERS LOCAL 32 ANNUITY FUND; TILE LAYERS LOCAL 6 VACATION FUND; and TMT TILE FINISHERS LOCAL 32 VACATION FUND, <br><br>       Plaintiffs <br><br>    vs. <br><br>MASTRO MASONRY CONTRACTORS; ERNEST BOCK AND SONS, INC.; XL SPECIALTY INSURANCE COMPANY; and JOSEPH RUSSO, Individually and as President of Mastro Masonry Contractors, <br><br>       Defendants <br><br>ERNEST BOCK AND SONS, INC., <br><br>       Cross Claimant <br><br>    vs. <br><br>MASTRO MASONRY CONTRACTORS, <br><br>       Cross Defendant | Civil Action No. 02-CV-04079 |

<u>O R D E R</u>

      NOW, this 22nd day of October, 2003, upon consideration of the Motion for Default Judgment filed by plaintiffs on September 4, 2002; upon consideration of the Amended Motion for Default Judgment filed by plaintiffs on October 16, 2003; upon

consideration of Affidavit of Counsel filed by plaintiffs on October 21, 2003; it appearing that default was entered against defendants Joseph Russo and Maestro Masonry Contractors on September 4, 2002; and after hearing held October 20, 2003,

  <u>IT IS ORDERED</u> that the motions are granted.

  <u>IT IS FURTHER ORDERED</u> that judgment is entered in favor of plaintiffs and against defendants Joseph Russo and Maestro Masonry Contractors, jointly and severally, in the amount of $164,805.02 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

  <u>IT IS FURTHER ORDERED</u> that Joseph Russo and Mastro Masonry Contractors shall continue to remit contractually mandated benefit fund contributions and reports, all previously unremitted contributions and reports, and immediately permit an authorized representative of plaintiffs access to Maetro Masonry Contractor's company books and payroll records for purposes of determining what additional sums are due and owing plaintiffs as unpaid benefit fund contributions, interest, liquidated damages and costs.

      IT IS FURTHER ORDERED that plaintiffs shall have until on or before December 1, 2003 to file a motion for such additional relief as determined by the aforesaid books and payroll records audit.

                                  BY THE COURT:

                                  _____
                                  James Knoll Gardner
                                  United States District Judge